Argued July 23, affirmed November 26, petition for rehearing denied December 21, 1971

McFETRIDGE ET AL, *Respondents, v.* WIECK, *Appellant.*
490 P2d 1044

*Alex M. Byler,* Pendleton, argued the cause for appellant. On the briefs were Corey, Byler & Rew, Pendleton.

*Robert V. Chrisman,* Enterprise, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

The school district called and conducted a bond election at which the voters approved a bond issue of $2,000,000 to construct, equip and furnish a school building.

This proceeding was brought by the school district to validate the bond election after the defendant instituted a suit to prevent the sale of the bonds. This procedure is authorized by ORS 33.710. *See also, Edwards v. Union H. S. Dist. No. 8,* 198 Or 611, 258 P2d 148 (1953).

The trial court concluded that the election was in all respects valid and that the school board was

authorized to sell the bonds. Defendant appeals, urging as sole error that the meeting at which the board called the bond election was not a lawful meeting of the board and thus that all proceedings subsequent thereto were void.

The relevant portion of the minutes of the school board of August 8, 1969, are as follows:

### "DISTRICT SCHOOL BOARD MEETING MINUTES

"The board of directors of School District No. 21, county of Wallowa, met at the school house in said district, on the 8th day of AUGUST, 1969, at 8:00 o'clock P.M. The following members were present: Wilfred Daggett, chairman, Merton Wade, member, Maurice Weaver, Wayne McFetridge, member, Jim Courtney, Clerk.

"The minutes of the last meeting were read and approved.

"* * * * *

"* * * It was moved by Mr. McFetridge, seconded by Mr. Weaver, that Tuesday, September 23, 1969 be disignated [sic] as election day to vote on the bond issue of $2,000,000.00 for school plant construction. Motion carried. A resolution was presented to open the polls at 8:00 A.M. and remain open until 8:00 P.M. The resolution was duly passed, (#69-70-1), this in accordance with ORS 328.210. Supt. Courtney was instructed to complete the brochure concerning the bond election and place it in the hands of the committee chairman.

"Being no further business the meeting was adjourned at 10:15 P.M.

/s/ "*H. J. Courtney,* Clerk   [/s/] *Wilfred Daggett,* Chairman"

Mr. Brink, the fifth member of the school board, was not physically present at that meeting.

At the trial the court over appropriate objection received oral evidence from each of the board members of the district and from its clerk. The defendant contended the court could consider only the official minutes set out above.

From that testimony the trial court found the next regular meeting of the board was scheduled to be held on August 11, 1969. At a meeting on August 7 of the county Intermediate Education District board, at which three of the board of directors of School District 21 were present, it was decided by them to hold a meeting of the board of School District 21 on August 8 in lieu of the regular meeting due to be held on August 11 for the reason that two members of the latter board would not be able to attend the regular meeting of August 11. The three members present on August 7 consisted of Mr. Daggett, Mr. McFetridge and Mr. Weaver. The clerk, Mr. Courtney, who was also superintendent of School District 21, was also present.

These three members agreed to attend a meeting on August 8. Mr. Daggett called the two other members of the board, Mr. Brink and Mr. Wade, and informed them of the August 8 meeting, and they indicated that they would attend such meeting. On August 8 Mr. Brink went to Mr. Daggett's home and requested to be excused from the meeting. Mr. Daggett discussed the matters to be presented at the meeting with Mr. Brink and he stated he was in favor of the bond election. He further stated that if at all possible, he would attend the meeting.

Mr. Brink did not come to the meeting, but he telephoned the board while they were in session on August 8 and told them that he would not be there, but was in favor of the election.

Plaintiffs contend that the August 8 meeting was called by "common consent" of the members of the board as authorized by ORS 332.045. That statute provides:

"The district school board must provide for the time and place of its regular meetings, at any of which it may adjourn to the next succeeding regular meeting or to some specified time prior thereto. The meeting may be convened upon written or printed notices by order of the chairman, upon the request of three members of the board at least 24 hours before such meeting is to be held *or by common consent of the board members."* (Emphasis supplied.)

The italicized language was added by the 1965 legislature. Oregon Laws 1965, ch 100, § 135. No Oregon decision construing that provision has come to our attention.

The trial court found:

"* * * [T]hat all of the members were notified of the meeting and that all of them did in fact consent to holding a meeting on August 8th for the purpose of considering a bond election. * * *

"* * * [T]hat each member consented to hold the meeting on August 8th for the purpose of considering a bond election. All of the matters in respect to such consent were common amongst all of the members and, in the opinion of the Court, constituted a common consent to hold a special meeting."

It is necessary first to consider whether the trial court was correct in allowing the receipt of oral testimony here to supplement the minutes of the August 8 meeting to determine whether or not the common consent required by ORS 332.045 for the holding of that meeting was obtained.

The Supreme Court in *McBee v. School Dist. No. 48*, 163 Or 121, 131, 96 P2d 207 (1939), considered whether "parol evidence is admissible to supplement the minutes of the school clerk, or to explain things not fully covered by the record." Under the particular circumstances of that case, however, the court, after calling attention to the "great variety of opinions" upon the subject, concluded that it was "unnecessary for us to express an opinion upon the problem submitted".

■ The general rule is that the official records of a school district cannot in a collateral proceeding be contradicted or varied by parol evidence. 32A CJS 244, Evidence § 881. However, as explained in Annotation, 98 ALR 1229, 1240 (1935):

> "No general rule can be laid down with reference to admissibility of parol or extrinsic evidence to explain written proceedings of local legislative bodies, since each ruling depends upon the character and purpose, as well as the ultimate effect, of the evidence offered, the reception or rejection of which will depend solely upon its tendency, on the precise issue involved, to dispute or contradict, or apply and identify, the subject-matter, or properly supplement the record."

*See also,* 32A CJS 247, Evidence § 890.

30 Am Jur 2d 183, Evidence § 1048, states:

> "It is generally held that omissions in the records of the proceedings of legislative and administrative bodies may be supplied by parol evidence where the applicable statutes do not make such records the only evidence of such proceedings, nor render invalid their unrecorded proceedings, provided such testimony does not contradict the records. * * *"

■ Here the oral testimony was received not to con-

tradict the minutes of the August 8 meeting nor in the face of any inhibiting statute forbidding its supplementation in that particular. The minutes were silent as to whether the meeting of August 8 was one held by the common consent of the members of the board, as required by ORS 332.045 in the case of a specially called meeting. There was no error in the receipt of the evidence.

■■ The 1965 amendment to ORS 332.045 provided an alternative method to the giving of written or printed notice of a board meeting by the language, "or by common consent of the board members." Nothing in the statute requires that such common consent must be given at the board meeting itself. The purpose of the notice is to assure that every member of the board is made aware of the time and place of the meeting and its purpose. That Mr. Brink had such knowledge is not challenged, nor is it denied that in fact he expressly consented in advance to the holding of the meeting and the calling of the bond election. The meeting of August 8 was a lawful meeting and the action of the board in calling the bond election was valid.

The judgment is affirmed.